91 F.3d 153
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Virginia MEEKS, Plaintiff-Appellant,
v.
WATSONVILLE COMMUNITY HOSPITAL, Defendant-Appellee.
 No. 95-17057.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 7, 1996.*
Decided July 10, 1996.
Order Granting Rehearing and Withdrawing Disposition Sept. 27, 1996.
 
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Virginia Meeks appeals pro se the district court's entry of summary judgment in her action alleging violations of the Emergency Medical Treatment and Active Labor Act (EMTALA), 42 U.S.C. § 1395dd. She contends that following her accident and admission, Watsonville Community Hospital failed to screen her properly and transferred her to another facility before she was stable. While these allegations are clearly the hallmark of an EMTALA action, see Eberhardt v. Los Angeles, 62 F.3d 1253, 1257-59 (9th Cir.1995) (discussing statute's requirements of screening and stabilization), the issue here is whether Meeks proffered sufficient evidence to meet her burden of opposing summary judgment. See Gasaway v. Northwestern Mut. Life Ins. Co., 26 F.3d 957, 959 (9th Cir.1994).
 
 
 3
 "Once the moving party demonstrates the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to produce evidence sufficient to support a jury verdict in her favor." Id. (internal quotation omitted). In this instance, the hospital fully demonstrated in support of summary judgment that Meeks was properly screened and stabilized. Meeks was therefore required to oppose the summary judgment by going beyond the pleadings and showing " 'by ... affidavits, or by the depositions, answers to interrogatories, or admissions on file,' that a genuine issue of material fact exists." Id. (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)). We agree with the district court that Meeks failed to meet this burden of controverting the hospital's submission with any evidence that would create a genuine issue of material fact requiring a jury's determination.
 
 
 4
 AFFIRMED.
 
 
 5
 Sept. 27, 1996.
 
 ORDER
 
 6
 The panel has voted 2-1 to grant Meeks' petition for rehearing. Judges Skopil and Ferguson vote to grant the petition; Judge Choy votes to deny.
 
 
 7
 The majority concludes that Meeks' submission of the letter from a staff physician at Natividad Medical Center written to defendant Watsonville Community Hospital is insufficient to create a genuine issue of material fact that precludes the entry of summary judgment against her. Watsonville Community Hospital contends that it has responded to that letter with credible and forceful evidence. Neither the district court nor this court is entitled, however, on a summary judgment motion to weigh the evidence or to judge the credibility of the statements made. See Reynolds v. County of San Diego, 84 F.3d 1162, 1166 (9th Cir. 1996). The letter at issue clearly contains evidence that is more than "merely colorable" and is "significantly probative" to defeat summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986).
 
 
 8
 The petition for rehearing is GRANTED. The court's disposition filed July 10, 1996 is accordingly withdrawn. The decision of the district court granting summary judgment is REVERSED and the case is REMANDED for further proceedings.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3